IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOLANDA E. NEWSON,<br>　　　Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 25-CV-0779 |
| TOTAL LIQUIDATORS,<br>　　　Defendant. | : <br> : | |

MEMORANDUM

**PEREZ, J.**                                                                                                          **MARCH 20, 2025**

　　　Currently before the Court is a Complaint filed by Plaintiff Yolanda E. Newson against Defendant Total Liquidators pursuant to 42 U.S.C. § 1983 and Title III of the Americans with Disabilities Act ("ADA").  Newson seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Newson leave to proceed *in forma pauperis* and dismiss her Complaint.

**I.       FACTUAL ALLEGATIONS**[1]

　　　Newson's claims are based on an incident that took place at 1:00 p.m. on December 6, 2024, when she was shopping for household items at a retail store operated by Total Liquidators. (Compl. at 4-5.)  On that occasion, Newson—who alleges that she is "disabled of two knee injuries"—sought to use the bathroom.  (*Id.* at 4.)  However, she was told that there were "no restrooms in the retail store for customers" and that "customers could not use the bathroom that the employees use."  (*Id.* at 4-5.)  Accordingly, she had to use the restroom in another store.  (*Id.* at 5.)  As a result, Newson claims that she suffered pain because she had to travel to another

---

[1] The factual allegations are taken from the Complaint (ECF No. 2) and assumed to be true for purposes of this Memorandum.  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

store to use the bathroom, as well as "mental injury." (*Id.*)  She claims that her rights under the United States Constitution and the ADA were violated and seeks damages.  (*Id.* at 3, 5.)

## II.     STANDARD OF REVIEW

The Court grants Newson leave to proceed *in forma pauperis* because it appears that she does not have the ability to pre-pay the fees to commence this case.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Newson is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented

litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

### III. DISCUSSION

#### A. Constitutional Claims

Newson seeks damages for alleged violations of her constitutional rights. (Compl. at 3.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Since Total Liquidators is a private company, and since nothing in the Complaint suggests any basis for state action here, § 1983 is inapplicable. *See, e.g.*, *Sescey v. Walmart, Onn Unit*, No. 21-3355, 2021 WL 5416188, at *2 (E.D. Pa. Nov. 19, 2021) ("Based on the

Complaint's allegations, Walmart and Onn Unit are not subject to Section 1983 liability because they are a private discount retailer and its in-house electronics brand and are not state actors."); *Shepherd v. Wal-Mart Super Ctr.*, No. 10-082, 2010 WL 985387, at *1 (N.D. Ind. Mar. 15, 2010) ("A private store and its employees are not state actors and thus cannot be sued for federal constitutional violations."). Accordingly, the Court will dismiss Newson's constitutional claims.

### B.  ADA Claim

Newson also asserts damages claims under Title III of the ADA, which prohibits places of public accommodation from discriminating against individuals with disabilities in connection with goods, services, facilities, privileges, advantages or accommodations. 42 U.S.C. § 12182(a). To state a claim under Title III of the ADA, a plaintiff must plausibly allege that: (1) she has a disability; (2) the defendant is a public accommodation within the meaning of the statue; and (3) she was denied goods, services, facilities, privileges, advantages or accommodations due to discrimination based on her disability, which can include failure to reasonably accommodate her disability. *See Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019); *Douris v. Dougherty*, 192 F. Supp. 2d 358, 368 (E.D. Pa. 2002).

A plaintiff is disabled for purposes of the ADA if she (1) has a "physical or mental impairment that substantially limits one or more" of her "major life activities"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment." *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (citing 42 U.S.C. § 12102(1)). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Public accommodations include, for example, grocery stores, banks, shopping centers or other

service establishments that affect commerce. *See* 42 U.S.C. § 12181(7)(E)-(F). Only injunctive relief is available to a private plaintiff suing under Title III of the ADA. 42 U.S.C. § 12188(a); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 433 (3d Cir. 2003) ("Title III defendants cannot be liable for money damages."); *see also Abadi v. Target Corp.*, No. 23-1050, 2023 WL 4045373, at *2 (3d Cir. June 16, 2023) ("Title III of the ADA, which prohibits discrimination on the basis of disability in public accommodations, only provides for injunctive relief." (citation omitted)).

Newson's Complaint fails to state a claim under the ADA because it makes clear that Newson was not discriminated against based on a disability; rather, her allegations reflect that she was not permitted to use the restroom at Total Liquidators because no restroom is available for customers, regardless of ability. In any event, the relief Newson seeks (damages) is unavailable to her under the relevant statutory framework. Accordingly, the Court will dismiss Newson's ADA claim.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Newson leave to proceed *in forma pauperis* and dismiss her Complaint for failure to state a claim. Newson cannot cure the defects in her Complaint, so she will not be given leave to amend. An Order follows, which shall be docketed separately.

                                         **BY THE COURT:**

                                         **MIA R. PEREZ, J.**